Mr. Robert Moore, Jr. Director, Alcoholic Beverage Control 100 Main, Suite 503 Little Rock, AR 72201
Dear Mr. Moore:
This is in response to your request for an opinion regarding whether a list compiled by the Sales and Use Tax Section of the Department of Finance and Administration and in the possession of the Alcoholic Beverage Control Administrative Division, which identifies persons holding alcoholic beverage control permits who are delinquent in their sales tax payments, is subject to the confidentiality provisions of A.C.A. § 26-618-303. If this list is confidential, you also ask when, if ever, the list becomes a public record.
Even if particular records qualify as "public" under the "Freedom of Information Act" ("FOIA"), A.C.A. §§ 25-19-101 to -107 (Repl. 1992), they may nonetheless be unavailable for public inspection. Section 25-19-105 recognizes specific exemptions from the FOIA's general rule of disclosure, and also incorporates by reference exemptions found in other statutes. It is my opinion that, as you have noted, another statute exempts this list of delinquent permit holders.
Arkansas Code Annotated 26-18-303 (Repl. 1992), provides in pertinent part:
 (a)(1) The director is the official custodian of all records and files required by any state tax law to be filed with the director and is required to take all steps necessary to maintain their confidentiality.
 (2)(A) Except as otherwise provided by this chapter, the records and files of the director concerning the administration of any state tax law are confidential and privileged. These records and files and any information obtained from these records or files or from any examination or inspection of the premises or property of any taxpayer shall not be divulged or disclosed by the director or any other person who may have obtained these records and files.
 (B) It is the specific intent of this chapter that all tax returns, audit reports, and information pertaining to any tax returns, whether filed by individuals, corporations, partnerships, or fiduciaries shall not be subject to the provisions of 25-19-101, et seq. . . .
 (c) The provisions of this section shall be strictly interpreted and shall not permit any other disclosure of tax information concerning a taxpayer, whether the taxpayer is an individual, a corporation, a partnership, or a fiduciary, that is contained in the records and files of the Director of the Department of Finance and Administration relating to income tax or any other state tax administered under this chapter. [Emphasis added.]
This list, therefore, which concerns the administration of state tax law, may not be disclosed by the Director "or any other person who may have obtained" it.
Based on the foregoing, it is my opinion that this list of alcohol permit holders who are in arrears for state or local sales tax is statutorily exempt from the provisions of the FOIA, and is to be kept confidential pursuant to A.C.A. § 26-18-303.
The second part of your question is when, if ever, this delinquent list becomes subject to the provisions of the Freedom of Information Act.
There is no time limit in the FOIA beyond which exempt documents become subject to disclosure. As long as these exempt records are maintained, they are exempt under A.C.A. § 26-18-303 from the Freedom of Information Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:ch